MOOK et al., Appellants, v. TARR, Respondent.

St. Louis Court of Appeals, November 18, 1907.

AGENCY: Liability of Agent. Where an agent made a contract with another for services to be performed by the other for his principal and where the services were performed and the account for the same charged to the principal, by direction of the agent, this was sufficient to justify a finding by the trial court that the contract was not the contract of the agent and that the agent was not liable for the value of the services.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED.

*Phil. H. Sheridan* and *Henry B. Davis* for appellants.

*Seddon & Holland* for respondent.

BLAND, P. J.—It appears from the evidence in this case that the Union Dental College does dental business at No. 622 Olive street, city of St. Louis, and the National Dental Company, a corporation, does dental business at No. 720, the same street; that defendant occupies rooms and does dental work at No. 720 Olive street and is a stockholder in both corporations, and secretary and treasurer of the National Dental Company; that his brother, C. J. Tarr, owns stock in both corporations and is the president and manager of the Union Dental College; that he was absent from the city of St. Louis in the summer of 1902, for several months and left defendant in charge of the Union Dental College during his absence. In July, 1902, defendant employed plaintiffs to repaint a cloth sign, "Union Dental College," and to paint some glass signs, "Dental," and to do some panelwork, for which plaintiffs were to be paid sixty-six dollars, twenty dollars of which they testified was paid by defendant. The action is to recover the

balance, and originated before a justice of the peace. On appeal to the circuit court, the case was tried anew to the court sitting as a jury. The finding and judgment were for defendant, from which plaintiff appealed to this court.

George Mook, one of the plaintiffs, testified he made the contract to do the work with defendant, and defendant told him to make the account out against the Union Dental College and bring it to him to get the money; that he charged the account to the Union Dental College but never presented it to anyone but defendant.

Plaintiffs made no inquiry in respect to the Union Dental College. The name must have suggested to them that it was either a corporation or a partnership doing business under that trade name. They followed defendant's directions in respect to charging the account by charging it to the Union Dental College. It seems to us, under this evidence, the trier of the fact was warranted in finding the issues for defendant. The judgment is therefore affirmed. All concur.